IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RODRICK T.,** § | |
| **PLAINTIFF,** § | |
| § | |
| v. § | **CASE NO. 3:19-CV-1542-L-BK** |
| § | |
| **COMMISSIONER OF SOCIAL SECURITY** § | |
| **ADMINISTRATION,** § | |
| **DEFENDANT.** § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the Court issues findings and a recommended disposition on the parties' cross-motions for summary judgment. For the reasons that follow, Plaintiff's *Motion for Summary Judgment*, Doc. 23, should be **DENIED**, Defendant's *Motion for Summary Judgment*, Doc. 24, should be **GRANTED**, and the Commissioner's decision should be **AFFIRMED**.

**I. BACKGROUND**

Plaintiff seeks judicial review of the Commissioner's decision denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act"). Doc. 23 at 17. On September 15, 2016, Plaintiff filed an application for SSI, alleging disability onset on that date due to bipolar disorder, paranoid schizophrenia, and anxiety. Doc. 19-1 at 119. After his claim was denied at all administrative levels, he appealed to this Court. Doc. 2.

**A. Relevant Facts**

On his disability onset date, Plaintiff was 43 years old. Doc. 19-1 at 119. He did not advance beyond the ninth grade and has past relevant work as a cook. Doc. 19-1 at 13-14. He suffered multiple gunshot wounds prior to his application and alleges his current disability stems from the treatment of and subsequent rehab from those wounds. Doc. 19-1 at 13-14.

Between January 2016 and September 2017, Plaintiff received psychosocial rehab from Dallas Metrocare Psych Services where he was diagnosed with schizoaffective disorder, bipolar type, and borderline intellectual functioning. *See* Doc. 19-1 at 765-932. During the relevant timeframe, Plaintiff denied having suicidal or homicidal thoughts, was fully oriented and adequately groomed, and communicated well. *See, e.g.*, Doc. 19-1 at 820, 822, 826. He complied with prescribed treatments and medication, was generally in a good mood, and denied substance abuse. *See, e.g.*, Doc. 19-1 at 867.

On several occasions, Plaintiff sought treatment for tingling and pain on the right side of his neck, down his right arm, and into his right hand. *See, e.g.,* Doc. 19-1 at 964, 977, 986. He attributed the sensations to his gunshot wounds and a 2005 surgery on his rotator cuff. Doc. 19-1 at 986. Records note that during these visits, Plaintiff was not in apparent distress and was cooperative and oriented. *See, e.g.,* Doc. 19-1 at 987.

In January 2017, Plaintiff completed a "Function Report," stating that he was unable to work due to bipolar disorder, and that his days consisted of sleeping and watching television. Doc. 19-1 at 273. He stated he has "no problem" with personal care, prepares simple meals, and can complete household chores, shop, use public transportation for travel, pay bills, and handle a savings account. Doc. 19-1 at 274-277. He admitted that he sometimes needs reminders to take medication, does not go many places, and sometimes has problems getting along with people. Doc. 19-1 at 277-278. Plaintiff also indicated he has trouble with memory, concentration, following instructions, understanding, and completing tasks. Doc. 19-1 at 278. He admitted that he can lift 25 pounds and walk 100 yards at a time. Doc. 19-1 at 278.

### B. The ALJ's Findings

On July 24, 2018, the ALJ denied Plaintiff's application for SSI. Doc. 19-1 at 53. The ALJ determined that Plaintiff had the severe impairments of right rotator cuff tear arthropathy, right elbow ulnar neuropathy, minimal right hip degenerative joint disease, bipolar disorder,

schizoaffective disorder, borderline intellectual function, and moderate cannabis use disorder. Doc. 19-1 at 44. Nevertheless, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the Code of Federal Regulations. Doc. 19-1 at 44-47. The ALJ also determined that Plaintiff has the residual functional capacity ("RFC") to perform a limited range of light work. Doc. 19-1 at 47-51. Although Plaintiff is unable to perform any past relevant work, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Doc. 19-1 at 52-53. For these reasons, the ALJ found that Plaintiff is not disabled. Doc. 19-1 at 53.

## II. APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and RFC must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam) (summarizing 20 C.F.R. § 404.1520(b)-(f)).

Under the first four steps of the inquiry, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is or is not

3

disabled. *Id.* If the claimant satisfies his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Grid Rules, vocational expert testimony, or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment for that of the Commissioner; instead, it only scrutinizes the record to determine whether substantial evidence exists to support the decision made. *Greenspan*, 38 F.3d at 236.

In considering the parties' summary judgment arguments, the Court has relied upon their assessment of and citation to the evidence of record. The Court is not under any obligation to probe the record to find supporting evidence for one side or the other. *See* FED. R. CIV. P. 56 (the movant and opponent of a motion for summary judgment must support their positions by "citing to particular parts of materials in the record"); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (the court has no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment") (quotation omitted).

### III. ANALYSIS

Although Plaintiff was represented by counsel in the administrative proceedings, he is proceeding *pro se* here. His summary judgment filing is 18 pages long and consists mostly of various court filings, with less than three pages addressing summary judgment. *See* Doc. 23.

While the Court is required to liberally construe the briefs of *pro se* litigants, *pro se* parties must still brief issues in order to preserve them for review and reasonably comply with court standards.  See *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Liberally construing Plaintiff's brief, he argues that the Commissioner's determination should be reversed because he is unable to maintain employment due to his serious mental and physical impairments.  Doc. 23 at 15-17.  As evidence, he points to his various maladies and a Texas Health and Human Services Commission decision that states he is permanently disabled.  Doc. 23 at 16; Doc. 19-1 at 369-70; *but see Szwandrok v. Bowen*, 658 F.Supp. 847, 850 (N.D. Ill., April 28, 1987) (a state agency's prior disability determination does not bind the ALJ, as the ALJ is responsible for making a new RFC determination at the administrative hearing).

Defendant argues that substantial evidence supports the ALJ's findings that (1) Plaintiff's impairments, while severe, did not meet or equal a listed impairment; (2) Plaintiff has the RFC to perform a limited range of light work; and (3) jobs exist in the national economy that Plaintiff can perform, and therefore the ALJ properly found Plaintiff was not disabled.  Doc. 25 at 7, 11, 17.

*Residual Functional Capacity*

Plaintiff's motion is limited to challenging the ALJ's determination that Plaintiff has the RFC to perform a limited range of light work.  The RFC is the most a claimant can do despite their limitations.  20 C.F.R. § 416.945(a)(1).  It is an administrative assessment made by the ALJ based on the totality of the evidence in the record.  20 C.F.R. §§ 416.945(a)-(e); 416.946.  When making the assessment, the ALJ should consider medical assessments, descriptions by physicians, descriptions by the claimant, and any other evidence that shows any limitations on the claimant's ability to work.  *Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988).  The ALJ is to resolve any conflicts in the medical evidence after evaluating the record.  *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).  Any subjective complaints of disability must be at

least partly corroborated by objective medical evidence. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).

Here, the ALJ "considered all symptoms, the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence, and other evidence," such as opinion evidence, as required by the Code of Federal Regulations when making Plaintiff's RFC finding. Doc. 19-1 at 47. The ALJ found that Plaintiff did have limitations, that those limitations could cause Plaintiff's alleged symptoms, but that Plaintiff's statements about those symptoms' intensity, persistence, and limiting effects were not consistent with the medical evidence and other evidence in the record. Doc. 19-1 at 48.

For example, Plaintiff alleged debilitating pain, tingling, and numbness in his right arm and shoulder. Doc. 19-1 at 15-17, 48; Doc. 23 at 16. However, Plaintiff's treatment notes show that the alleged pain only occurs when looking downward and only surfaced after he began using the rowing machine in the gym. Doc. 19-1 at 561-62. Further, his examination revealed that, despite these symptoms, Plaintiff was not in distress, and he exhibited no edema that would prevent use of the extremity. Doc. 19-1 at 563. And even though he displayed a diminished ability to raise his right arm, his strength and range of motion in his arms, shoulders, hands, and grip were otherwise normal. *See, e.g.*, Doc. 19-1 at 465, 476, 563, 564, 569. Further, when given the option, Plaintiff did not indicate that he had any problems completing physical tasks like walking, kneeling, climbing stairs, or using his hands. Doc. 19-1 at 278. And though Plaintiff has "residual pain" in his right leg, Doc. 23 at 16, he admitted that he can lift 25 pounds and walk 100 yards at a time, thus ambulating effectively. Doc. 19-1 at 278.

The ALJ also considered Plaintiff's mental limitations when evaluating his RFC. Doc. 19-1 at 49-51. As discussed above, the record does indicate that Plaintiff has moderate mental limitations. However, the record evidence supports the finding that Plaintiff's limitations do not rise to the level of disability. Plaintiff handles his personal care, prepares simple meals,

completes household chores, shops, uses public transportation for travel, pays bills, and manages a savings account. Doc. 19-1 at 274-277. The evidence also shows Plaintiff's impairments are readily treatable and manageable with medication. Doc. 19-1 at 867-881, 957; *see Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986) (holding that "[a] medical condition that can be reasonably remedied is not disabling.").

Plaintiff's mental status examinations also support the ALJ's findings, revealing logical thoughts, organized associations, and normal attention and concentration among other average indicators. *See, e.g.*, Doc. 19-1 at 1172-1175. Moreover, the ALJ accommodated Plaintiff's moderate mental limitations by limiting his RFC to light exertional work, reflecting his ability to ambulate without assistance, stand, sit, receive and execute simple instructions, and interact occasionally with other people. Doc. 19-1 at 50. After reviewing the evidence and determining Plaintiff's RFC, the ALJ found that Plaintiff could perform a limited range of light work.[1] Doc. 19-1 at 47. In doing so, the ALJ relied on the record and the testimony of a vocational expert. Doc. 19-1 at 53; *see Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000) (finding that the ALJ must rely on a vocational expert's testimony or similar evidence when a claimant has additional limitations that made the medical-vocational guidelines inapplicable).

The record evidence reveals that Plaintiff can ambulate, has use of all extremities, can follow simple directions, and can perform tasks that do not require him to interact with other people consistently. Thus, the ALJ's RFC finding that Plaintiff can perform a range of light work and, therefore, is not disabled is supported by substantial evidence.

**IV. CONCLUSION**

For the above reasons, Plaintiff's *Motion for Summary Judgment*, Doc. 23, should be **DENIED**, Defendant's *Motion for Summary Judgment*, Doc. 24, should be **GRANTED**, and the

---

[1] "Light work" involves lifting no more than 20 pounds, with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 416.967(b). A job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. *Id.*

7

Commissioner's decision should be **AFFIRMED**.

**SO RECOMMENDED** on February 8, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).